UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | | |
|---|---|---|
| DEREK RUSSELL TRUMBO, SR., | ) | |
| | ) | |
| Petitioner, | ) | Civil No. 13-275-ART |
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| DON BOTTOM, *Warden*, | ) | |
| | ) | |
| Respondent. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Petitioner Derek Russell Trumbo filed a petition for writ of habeas corpus under 28 U.S.C. § 2254, claiming that his conviction violated due process because his counsel provided ineffective assistance during his second trial. R. 1. Magistrate Judge Candace J. Smith filed a thoughtful Report and Recommendation ("R&R"), finding that Trumbo failed to establish that he was entitled to relief under 28 U.S.C. § 2254. R. 26. Judge Smith recommended that the Court deny Trumbo's petition and not issue a certificate of appealability. *Id.* at 48–49. Trumbo filed objections to Judge Smith's R&R. R. 27. Magistrate Judge Smith's R&R will be adopted as the Court's opinion because Trumbo's objection is too general.

## BACKGROUND

A Kentucky jury found Trumbo guilty of first-degree sodomy, first-degree sexual abuse, and distribution of obscene matter to a minor during his retrial in May of 2006. R. 1-2. Trumbo waived his right to appeal that verdict and pled guilty in exchange for a 25-year sentence. *Id.* Trumbo raised five ineffective assistance of counsel claims in his § 2254

petition.  R. 1.  First, Judge Smith found that all but one of Trumbo's ineffective assistance claims were procedurally defaulted.  *See* R. 26 at 19.  Trumbo had previously filed a motion for post-conviction relief in a Kentucky court with the same claims but did not appeal them.  Kentucky law would now bar Trumbo's claims.  *Id.* at 11.  A federal court cannot deprive the state courts of the opportunity to correct their own mistakes.  Because Trumbo did not fairly present his claims to the Kentucky Court of Appeals, the Court cannot rule on them now.  *Id.* Second, she held that Trumbo's was not the "rare or extraordinary case" that justified "a merits review of otherwise procedurally defaulted claims."  *Id.* at 47 (holding Trumbo did not show new evidence of actual innocence or cause or prejudice for the procedural default). In an abundance of caution, Judge Smith rejected each of Trumbo's procedurally defaulted claims on the merits.  *Id.* at 39–46.  Third, Judge Smith reviewed Trumbo's only exhausted ineffective assistance claim—that his counsel erred by not presenting some evidence from his first trial at his second, and found no reason to overturn the Kentucky Court of Appeals' denial.  *Id.* at 47.  Her R&R denied Trumbo's § 2254 petition in its entirety.

## DISCUSSION

The Court adopts Judge Smith's R&R in full because Trumbo does not object to specific portions or allege any genuine issues of material fact.  Trumbo asks the district court to "reconsider it's [sic] Report and Recommendation," R. 27 at 2, and objects only to Judge's Smith's ultimate conclusions.  His objection restates the arguments from his original § 2254 petition: first, "his Constitutional right to have the assistance of competent counsel in a trial was violated"; second, his claims are "worthy of an evidentiary hearing"; and third, he "has maintained his actual innocence except [for his] guilty plea before sentencing."  R. 27 at 1–2.

Trumbo also states that his pro se pleadings should be "construed liberally." R. 27. Judge Smith already addressed each of these claims, and construed them liberally. *See, e.g.*, R. 26 at 9 ("[T]he Court will broadly construe ground 3 . . . ."). But "a general objection to a magistrate's report, which fails to specify the issues of contention, does not satisfy the requirement that an objection be filed." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) (citing *Howard v. Secretary of Health and Human Servs.,* 932 F.2d 505, 508–09 (6th Cir.1991)). "The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Id.* A general objection to an R&R in its entirety is contrary to the policy underlying the creation of magistrate judges. *Howard*, 932 F.2d at 509. When the district court's attention is not focused on specific issues for review, the initial reference to the magistrate is useless. *Id.* Judicial time and effort are wasted. *Id.*; *see also Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982) (citing *United States v. Mertz*, 376 U.S. 192 (1964); *Pendleton v. Rumsfeld*, 628 F.2d 102 (D.C.Cir.1980)); *Braxton v. Estelle*, 641 F.2d 392 (5th Cir. 1981) (holding de novo review of the record is unnecessary when no factual issues are challenged).

Even with pro se litigants, like Trumbo, the Court still looks "to whether the [objections] purport to direct the district court's attention to specific portions of the [R&R] and allege genuine issues of material fact . . . ." *Brown v. Kashyap*, 191 F.3d 451 (6th Cir. 1999) (dealing with pro se litigant). A pro se litigant waived his right to appeal when his objection "failed to address the merits of the substantive issues . . . reviewed by the magistrate judge." *McCready v. Kamminga*, 113 F. App'x 47, 49 (6th Cir. 2004) (describing "rambling" 143-page objection that "offered bold conclusions" of fact and law with little support). Given Trumbo's lack of specific objections—e.g., that the magistrate judge

misapplied a legal standard, ignored a crucial fact, or missed an important case—his objection is a general one.  And even if the Court were to review Trumbo's claims, they "lack merit for the reasons stated by the magistrate judge." *Wells v. Morgan*, 173 F.3d 857, 1999 WL 191397, at *1 (6th Cir. 1999).

Accordingly, it is **ORDERED** that the R&R, R. 26, is **ADOPTED** as the opinion of the Court.  Trumbo's petition for writ of habeas corpus, R. 1, is **DENIED**.  The Court will issue a separate judgment.

This the 26th day of August, 2015.

**Signed By:**

**_Amul R. Thapar_**

**United States District Judge**